CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
DEC - 3 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT LEE WALLER,<br>Petitioner, | ) <br> ) | Civil Action No. 7:07-cv-00516 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| COMMONWEALTH OF VIRGINIA,<br>Respondent. | ) <br> ) <br> ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Petitioner Robert Lee Waller, a Virginia inmate proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 conviction and 5-year and 30-day sentence for various charges arising from an armed burglary and assault and battery. Waller alleges that trial counsel provided ineffective assistance on several grounds. I find that Waller's petition is untimely and that there are no grounds for equitable tolling. Therefore, I dismiss his petition.

## I.

On November 12, 2004, Waller was sentenced in the Lynchburg Circuit Court to a total of five years and 30 days incarceration plus a suspended sentence for assault and battery on a family member, statutory burglary while armed with a deadly weapon, use of a firearm during the commission of a felony, brandishing a firearm, violating a protective order, and possessing a firearm as a convicted felon. Waller filed a direct appeal of his conviction, which was denied on June 29, 2005. Waller then demanded a three-judge panel, which also denied his appeal on October 5, 2005. Waller appealed to the Supreme Court of Virginia, which denied his petition on March 15, 2006. Waller filed a state habeas petition in the Supreme Court of Virginia, which was denied on August 1, 2006. Waller filed a petition for writ of certiorari to the Supreme Court of the United States, which was denied on October 2, 2006. On October 25, 2007, Waller filed the instant federal habeas petition.

## II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[1] Waller did not meet this one-year statute of limitations. Waller had 365 days from the date on which his conviction became final, or until August 1, 2007, to file his federal habeas petition. However, his federal petition was not filed until October 25, 2007, approximately 85 days after the statute of limitations expired. Accordingly, Waller's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[2] Waller has made no such demonstration. In response to the court's

---

[1] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Waller has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Waller's conviction became final for federal habeas petition purposes on August 1, 2006, when the Supreme court of Virginia denied his petition for writ of habeas corpus. See Crawley v. Catoe, 257 F.3d 395, 400 (4th Cir. 2001) (finding that a petition for writ of certiorari to the United States Supreme Court regarding a state habeas action does not toll the statute of limitations under § 2244(d)).

[2] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris, 209 F.3d at 330). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).

2

conditional filing order asking him to demonstrate why his petition should be deemed timely, Waller stated "[w]hile the Magistrate [Judge] is correct in noting that the petition is untimely when utilizing the date that direct review concluded for purposes of calculating the due date of this petition, the Petitioner submits [that] such calculations fail to take into consideration constitutional concerns regarding the filing of habeas corpus petitions." Waller generously provides the court with a comprehensive history of the writ of habeas corpus, tracing it back to its origin in "English laws dating back to 1166." While he recognizes that there is a statute of limitations applicable to the filing of a § 2254 petition, Waller argues that he still has the right to appeal a negative decision on a federal habeas action and, thus, this court should review his petition on the merits. I note that although he does have a right to appeal this decision, that right has no bearing on the timeliness of his petition. Therefore, I find that Waller is not entitled to equitable tolling in this case and that his habeas petition is untimely.

### III.

For the foregoing reasons, I dismiss Waller's petition as untimely.

ENTER: This 3rd day of December, 2007.

*[signature]*
Senior United States District Judge

3